# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| CALVIN DOUGLAS NAPIER, SR., and | ) | |
| DEBORAH OLIVER NAPIER, | ) | |
| | ) | CASE NO. 17-71557 |
| Debtors. | ) | |

_____

## AMENDED MEMORANDUM OPINION

This matter comes before the Court on the objections of the Debtors, Calvin Douglas and Deborah Oliver Napier (the "Debtors"), by counsel, to four proofs of claim filed by Portfolio Recovery Associates, LLC, through its limited attorney in fact PRA Receivables Management, LLC (unless otherwise identified, collectively "PRA"). The Court denied the claim objections in open Court on May 15, 2018. The reasons for the Court's prior oral ruling are set forth below, and the proofs of claim will be allowed as filed.

## FACTS AND PROCEDURAL BACKGROUND

On November 15, 2017, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 et seq. In their Schedules filed with the Court, the Debtors scheduled the following unsecured claims based on credit card accounts, none of which were listed as contingent, unliquidated, or disputed:

| Creditor's Name | Account Number | Amount |
|---|---|---|
| CBNA/Best Buy | 0479 | $844.79 |
| Sears/cbna | 4070 | $1,739.69 |
| Sears/cbna | 9700 | $1,697.94 |
| THD/cbna/Home Depot | 5295 | $1,979.52 |

Consistent with the Debtors' schedule F, PRA filed the following unsecured claims:

1. **Proof of Claim 4:** This claim was filed by PRA with an Account Summary identifying an account number of 4070 in the amount of $1,742.65. It identifies Sears Card as the original creditor and last transaction owner and that it purchased the account from Citibank, N.A. It lists a last transaction date of September 17, 2017, a last payment date of September 17, 2017, and a charge off date of December 20, 2017.

2. **Proof of Claim No. 5:** This claim was filed by PRA with an Account Summary identifying an account number of 9700 in the amount of $1,658.11. It identifies Sears Mastercard as the original creditor and last transaction owner and that it purchased the account from Citibank, N.A. It lists a last transaction date of October 9, 2017, a last payment date of October 9, 2017, and a charge off date of December 20, 2017.

3. **Proof of Claim No. 6:** This claim was filed by PRA with an Account Summary identifying an account number of 5295 in the amount of $2,030.53. It identifies The Home Depot Consumer as the original creditor and last transaction owner and that it purchased the account from Citibank, N.A. It lists a last transaction date of October 7, 2017, a last payment date of October 7, 2017, and a charge off date of December 7, 2017.

4. **Proof of Claim No. 7:** This claim was filed by PRA with an Account Summary identifying an account number of 0479 in the amount of $797.07. It identifies Best Buy Visa as the original creditor and last transaction owner and that it purchased the account from Citibank, N.A. It lists a last transaction date of October 2, 2017, a last payment date of October 2, 2017, and a charge off date of December 20, 2017.

Each of the above-referenced proofs of claim was filed with a copy a limited power of attorney allowing PRA Receivables Management, LLC to file proofs of claim on behalf of its principal, Portfolio Recovery Associates, LLC. Without question, the proof of claim amounts, the identifying account numbers, and the original source of the obligation match up almost identically with the Debtors' schedules. In addition, each proof of claim had attached a Bill of Sale and Assignment ("Bill of Sale") dated January 31, 2018 from Citibank N.A. as seller to Portfolio Recovery Associates, LLC as buyer. Each Bill of Sale provides, in part, as follows:

> For value received and subject to the terms and conditions of the Master Purchase and Sale Agreement dated December 12, 2017 and Addendum No. 1 dated December 13, 2017, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file.

No copy of the Master Purchase and Sale Agreement was attached, nor was the Addendum, Exhibit 1, or "final electronic file."

The Debtors filed identical objections to each of the four proofs of claim filed by PRA, the sole objection being that "[n]o exhibit or other documentation attached which shows that the claim was purchased by this claimant." A hearing was held on May 15, 2018, and the Court denied the claim objections, even though PRA did not appear or file a response. The following incorporates and elaborates upon the Court's ruling from the bench on May 15, 2018.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (L).

A thorough primer on the basics of proofs of claim involving open-ended credit agreements is found in *In re Hill*, No. 13-50707, 2014 WL 801517 (Bankr. E.D. Ky. Feb. 28, 2014). As *Hill* observes, Section 502(a) of the Bankruptcy Code provides as follows:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). If an objection to a claim is filed, § 502(b)(1) directs the Court to determine the amount of and allow such claim "except to the extent that such claim is unenforceable against the debtor . . . under any agreement or applicable law . . ." 11 U.S.C. § 502(b)(1). *Hill* at *3.

What must be contained in a proof of claim is set forth in Federal Rule of Bankruptcy Procedure 3001. Subsection (c) sets forth the supporting information required in various types of claims, and subsection (f) provides "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). As *Hill* observes, effective December 1, 2012, Bankruptcy Rule 3001(c) was amended to add new paragraph (3), which provides as follows:

> (3) Claim based on an Open–End or Revolving Consumer Credit Agreement.
>
>   (A) When a claim is based on an open-end or revolving consumer credit agreement-except one for which a security interest is claimed in the debtor's real property-a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>     (i) the name of the entity from whom the creditor purchased the account;
>     (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
>     (iii) the date of an account holder's last transaction;
>     (iv) the date of the last payment on the account; and
>     (v) the date on which the account was charged to profit and loss.
>   (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

4

Fed. R. Bankr. P. 3001(c)(3). *Hill* at *3–4. The Advisory Committee Note to the Amended Rule provides as follows:

> Subdivision (c) is further amended to add paragraph (3). Except with respect to claims secured by a security interest in the debtor's real property (such as a home equity line of credit), paragraph (3) specifies information that must be provided in support of a claim based on an open-end or revolving consumer credit agreement (such as an agreement underlying the issuance of a credit card). *Because a claim of this type may have been sold one or more times prior to the debtor's bankruptcy, the debtor may not recognize the name of the person filing the proof of claim. Disclosure of the information required by paragraph (3) will assist the debtor in associating the claim with a known account.* It will also provide a basis for assessing the timeliness of the claim. The date, if any, on which the account was charged to profit and loss ("charge-off" date) under subparagraph (A)(v) should be determined in accordance with applicable standards for the classification and account management of consumer credit. *A proof of claim executed and filed in accordance with subparagraph (A), as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e) constitutes prima facie evidence of the validity and amount of the claim under subdivision (f).*
>
> *To the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) is not applicable.* A party in interest, however, may obtain the writing on which an open-end or revolving consumer credit claim is based by requesting in writing that documentation from the holder of the claim. The holder of the claim must provide documentation with 30 days after the request is sent. The court, for cause, may extend or reduce that time period under Rule 9006. Fed. R. Bankr. P. 3001 advisory committee's note (2012) (emphasis added).

*Hill* at *4.

Here, all or substantially all of the information required by the amended Rule was set forth in all four claims the Debtors seek to disallow. As stated in in *In re Umstead*, 490 B.R. 186, 194 (Bankr. E.D. Pa. 2013), "[a] proof of claim may be *prima facie* valid despite noncompliance with Rule 3001(c) if it provides sufficient indicia of the claim's validity and amount to justify imposing on the objector the burden and expense of responding with contrary evidence."

Further, as stated in *Hill*:

the *prima facie* validity of the claims is established by the Debtor's schedules. "[I]f a proof of claim exactly or very closely correlates to the debtor's bankruptcy

5

> schedules, no further documentation may be necessary to establish the prima facie validity of the claim against the debtor." *In re Samson,* 392 B.R. 724, 733 (Bankr. N.D. Ohio 2008) (citations omitted); *see also In re Borer,* 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) (citations omitted) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."); *In re Leonard,* 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992) (a debtor's scheduling of debt constitutes an admission under Federal Rule of Evidence 801(d)(2)). As set forth above, the Debtor has not contended that the debts are not owed. . . . The Debtor's schedules constitute admissions that also establish the *prima facie* validity of the claims.

*Hill* at *5. In this case, the Debtors' schedules, filed under oath, match up almost identically with the proofs of claim in terms of amounts, original creditors, and dollar amounts owed. The only argument the Debtors make is that there is no attached document or exhibit that shows the claim was purchased by this claimant.

Pursuant to 11 U.S.C. § 502(a) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a proof of claim is presumed valid unless objected to by a party in interest. The Fourth Circuit explained the burden-shifting effect of a claim objection as follows:

> The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (citations omitted)). In the present case, the account summaries that PRA attached to the original claim contain all of the information required by Rule 3001(c)(3), rendering the claims presumptively valid under Rule 3001(f) and shifting the burden to the Debtors to object to the claims. In the objection, the Debtors assert nothing more than there is no evidence filed with the claims that show PRA actually purchased the claims. Thus, the issue becomes whether this amounts to a sufficient challenge to the prima facie validity of the claim   If so, the Debtors will have rebutted the claim's presumptive validity and the burden will shift back to PRA to prove its

claim. If the Court determines that the Debtors have not met their burden, however, the inquiry ends and the objection should be overruled. *See In re Nussman*, 501 B.R. 297, 301 (Bankr. E.D. N.C. 2013). The Debtors have not met their burden.

Here, PRA has filed both a power of attorney and short form Bill of Sale. It has further fully complied with Bankruptcy Rule 3001(c)(3), which given the nature of the debt, is all that rule requires.[1] The sale of credit card debt is commonplace in today's economy. To require PRA to produce a master bill of sale, schedules and/or full electronic file agreement, or some portions thereof, with its proofs of claim is an unreasonable and unnecessary burden on the creditor, especially when, as in this case, all of the information the Debtors included in their schedules matches up readily with the proofs of claim actually filed. The criminal penalties for filing a fraudulent proof of claim provide a sufficient guard against the signing of a proof of claim by an unauthorized person, and the Debtors have shown nothing to cast any suspicion on PRA's ability to do so here.[2] See 18 U.S.C. § 152.[3]

As Judge Wise stated in *Hill*,

> "The claims process is intended to be a simple, manageable process—not one full of pitfalls that prevent legitimate claims from being paid. The harder courts make it for legitimate creditors to get paid, the farther they get from the goals of bankruptcy and the pursuit of justice." *In re Crutchfield,* 492 B.R. 60, 68 (Bankr. M.D. Ga. 2013); Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."). The Debtor's objections appear to be attempts to prevent legitimate claims from being paid, and to create costs and time consuming difficulties for creditors in

---

[1] Bankruptcy Rule 3001(c)(1) requires that when a claim is based on a writing, that writing shall be filed with the claim, unless it is a claim governed by Rule 3001(c)(3), which is operative here.

[2] The Debtors cite to *In re Halstead*, Case No. 12-66833, 2013 WL 5230041 (Bankr. E.D. Mich. Sept. 13, 2013). The Court does not find *Halstead* persuasive on the issue before the Court.

[3] 18 U.S.C. § 152(4) provides, in part, as follows: "A person who— (4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney. . . shall be fined under this title, imprisoned not more than 5 years, or both."

having to prove their claims in ways not required by the Bankruptcy Rules. The Debtor has made no allegation that the debts are owed to someone else, or that the debts are not owed at all.

*Hill* at *6.   The same is true here.

## CONCLUSION

For all of the above reasons, the Debtors' objections to proofs of claim numbers 4, 5, 6, and 7 filed by PRA will be denied.  A separate Order shall issue.

**Decided this 23rd day of May, 2018.**

_____
UNITED STATES BANKRUPTCY JUDGE